**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION FILE** |
| | **:** | **NO. 1:10-CR-132-RWS/AJB** |
| **COREY ELDER [#1],** | **:** | |
| **MARCUS EDWARDS [#2], and** | **:** | |
| **SHERARD JONES [#3],** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**ORDER FOR SERVICE OF
<u>REPORT AND RECOMMENDATION</u>**

Attached is the Report and Recommendation ("R&R") of the United States

Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and

N.D. Ga. CrR. 58.1(A)(3)(a), (b).  A copy of the R&R and this order shall be served

upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the

R&R within **fourteen (14)** days of service of this Order.  Should objections be filed,

they shall specify with particularity the alleged error(s) made (including reference by

page number to the transcript if applicable) and shall be served upon the opposing

party.  *See United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990).  The party

filing objections will be responsible for obtaining and filing the transcript of any

AO 72A
(Rev.8/8
2)

evidentiary hearing for review by the District Court.  If no objections are filed, the R&R may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

Pursuant   to   18   U.S.C.   §   3161(h)(1)(H),   **the   above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed.**  If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge.  18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986);  *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983).  The Clerk is **DIRECTED** to submit the R&R with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  15th  day of  December , 2010.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION FILE** |
| | : | **NO. 1:10-CR-132-RWS/AJB** |
| **COREY ELDER [#1],** | : | |
| **MARCUS EDWARDS [#2], and** | : | |
| **SHERARD JONES [#3],** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**ORDER AND FINAL REPORT AND RECOMMENDATION**

The Court considers various motions filed by the defendants Corey Elder, Marcus Edwards, and Sherard Jones. Elder has filed the following four motions: (1) a motion for disclosure of confidential informants, [Doc. 69]; (2) an oral motion to suppress evidence, [*see* Dkt. Entry dated 5/7/2010]; (3) a particularized motion for disclosure of confidential informants, [Doc. 73]; and (4) an adopted motion to dismiss counts of the indictment, [Doc. 77]. Edwards has filed the following three motions: (1) a motion to dismiss counts 1, 3, 7, and 8 of the indictment, [Doc. 66]; (2) a motion for disclosure of confidential informants, [Doc. 68]; and (3) a motion to adopt Elder's particularized motion for disclosure of confidential informants, [Doc. 76]. Finally,

Jones has filed the following two motions: (1) a motion for disclosure of confidential informants, [Doc. 44]; and (2) a motion to sever, [Doc. 46].

For the reasons set forth below, the undersigned **RECOMMENDS** that: (1) Jones' motion to sever, [Doc. 46], be **DENIED**; (2) Edwards' and Elder's motion to dismiss counts, [Docs. 66, 77], be **DENIED**; and (3) Elder's oral motion to suppress, [*see* Dkt. Entry dated 5/7/2010], be **DENIED**.  Besides these recommendations, the Court **DENIES** the defendants' motions for disclosure of the identity of the confidential informant.[1]  [Docs. 46, 68-69, 73].  Finally, the Court **GRANTS** Edwards' motion to adopt.  [Doc. 76].

---

[1]      A ruling on a motion for disclosure of a confidential informant's identity is considered a "nondispositive matter," and therefore the undersigned can rule on the motion by order.  *See United States v. Abonce-Barrera*, 257 F.3d 959, 967 (9th Cir. 2001) (referring to magistrate judge's ruling denying pre-trial disclosure of the informant's identity to be a "nondispositive matter[]"); *United States v. Jefferson*, No. 09-cr-7, 2009 WL 1257189, *8 (E.D. Wis. May 4, 2009) (concluding that motion to compel the government to disclose the identity of the CI was "a nondispositive pretrial motion"); *see also* 28 U.S.C. § 636(b)(1); *United States v. Williams*, No. 08-cr-343, 2009 WL 352597, *1 (D. Minn. Feb. 10, 2009); *United States v. Benjamin*, 72 F. Supp. 2d 161, 167 n.1 (W.D.N.Y. 1999).  *But see United States v. Cantrell*, No. 1:10-cr-131-MHS, 2010 WL 3800684, *1 (N.D. Ga. Sept. 23, 2010) (reviewing *de novo* a report and recommendation denying motion to reveal identity of the CI).

2

## *Introduction*

On March 23, 2010, a grand jury returned a ten-count indictment charging various violations of federal law against four defendants: Elder, Edwards, Jones, and Antwan Parker.[2]  [Doc. 18].  The indictment charged all of the defendants with conspiracy with the intent to distribute at least 50 grams of crack cocaine and 500 grams of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(ii)(II)(IV), 846, and 851 (Count 1).  Elder was also charged with: (1) being a prior felon convicted of a felony drug offense ("prior drug felon") who distributed and aided and abetted others in distributing at least 5 grams of crack cocaine on September 17, 2009, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 851 (Count 2); (2) being a prior drug felon who distributed and aided and abetted Edwards and Parker in distributing at least 5 grams of crack cocaine on October 7, 2009, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (Count 3); (3) being a prior drug felon who distributed and aided and abetted others in distributing at least 5 grams of crack cocaine on October 20, 2009, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (Count 4); and

---

[2]     On May 7, 2010, the undersigned certified Parker's case ready for trial, [Doc. 71], so this Order and Report and Recommendation relates only to his three codefendants.

3

(4) being a prior drug felon who distributed and aided and abetted Parker in distributing at least 5 grams of crack cocaine on November 4, 2009, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (Count 5).  Edwards was charged in Counts 1 and 3 discussed above and in the following four counts: (1) distributing at least 5 grams of crack cocaine and aiding Jones (who was a prior drug felon) in doing so on January 13, 2010, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 851 (Count 7); (2) aiding Jones and Parker in distributing at least 5 grams of crack cocaine on February 18, 2010, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 851 (Count 8); (3) aiding Jones and Parker in distributing at least 500 grams of cocaine on February 22, 2010, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II)(IV) and 851 (Count 9); and (4) aiding and abetting Jones and Parker who possessed firearms in distributing cocaine on February 24, 2010, in violation of 18 U.S.C. §§ 2, 924(c) (Count 10).  Finally, Jones, a prior drug felon, was charged in Counts 1, 7, 8, 9 and 10 outlined above as well as Count 6, which charged him with distributing at least 5 grams of crack on December 8, 2009, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 851 (Count 6).

4

After Elder, Edwards, and Jones entered pleas of not guilty, [Docs. 30, 37, 40], they made the following motions: (1) motions for disclosure of the confidential informant's identity (Elder, Edwards, and Jones), [Docs. 44, 69, 68, 73]; (2) an oral motion to suppress (Elder),  [*see* Dkt. Entry dated 5/7/2010];  (3) motions to dismiss counts, (Elder and Edwards) [Docs. 66, 77]; (4) a motion to adopt, (Edwards) [Doc. 76]; and (5) a motion to sever (Jones) [Doc. 46].  On November 15, 2010, the government filed a response to the motions to dismiss counts, [Doc. 96], and Edwards filed a reply brief on November 29, 2010, [Doc. 97].  With briefing completed, the undersigned addresses the motions below.

### Discussion

A.      *Oral Motion to Suppress*

At the May 7, 2010, pretrial conference, Elder orally moved to suppress evidence.  The undersigned provided Elder with 14 days to perfect the motion to suppress in writing.  [*See* Doc. 70 at 2].  Elder did not perfect his motion to suppress. [*See* Dkt.].  By failing to perfect the motion, the undersigned concludes that Elder abandoned his motion to suppress.  *See United States v. Rodriguez-Alejandro*, 664 F. Supp. 2d 1320, 1327 n.3 (N.D. Ga. 2009) (Thrash, J., adopting Vineyard, M.J.) ("Defendant has not perfected the motion, and it is deemed abandoned and

5

withdrawn."); *United States v. Shorr*, No. 1:07-cr-182, 2008 WL 655994, * 1 (N.D. Ga. Mar. 10, 2008) (Thrash, J.) (deeming preliminary motion to suppress abandoned because the defendant failed to perfect the motion).

Accordingly, the undersigned **RECOMMENDS** that Elder's oral motion to suppress be deemed **ABANDONED** and be **DENIED**.

B.    *Jones' Motion to Sever, [Doc. 46]*

Jones seeks to have his trial severed from that of Elder on the grounds that he will be prejudiced by a joint trial. [*See* 46 at 3-5]. Jones argues that there is a problem of multiple conspiracies because there is no connection between the alleged criminal conduct of Jones and Elder. [*Id.*]. Jones notes that the complaint does not connect him with Elder because his first charged drug transaction occurred on December 8, 2009, a day after Elder was incarcerated in Georgia. [*Id.* at 3]. Jones also argues that the discovery does not connect him to Elder because the evidence does not link Jones with Elder personally, temporally, or proximally. [*Id.* at 4-5]. Given the absence of any connection, Jones asserts that he would be tainted by a trial involving a separate criminal conspiracy. [*Id.* at 5].

Rule 8(b) of the Federal Rules of Criminal Procedure allows for joinder where "an indictment charges multiple defendants with participation in a single conspiracy

6

and also charges some but not all of the defendants with substantive counts arising out of the conspiracy." *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). "[T]he general rule is that Defendants indicted together should be tried together, especially in conspiracy cases." *United States v. Chavez*, 584 F.3d 1354, 1359-60 (11th Cir. 2009); *Alvarez*, 755 F.2d at 857.  Rule 14 of the Federal Rules of Criminal Procedures provides, however:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a).  When a court is confronted with a motion to sever, the court must "balance any . . . prejudice [to the defendants] against the interest of judicial economy." *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004).  The Supreme Court has established a two-step test to determine whether a court should grant a motion to sever: (1) the defendant must first show that a joint trial will prejudice him; and (2) the defendant must also demonstrate that less drastic measures will not suffice.  *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993), and *Blankenship*, 328 F.3d at 1122). Prejudice may be shown "[w]here a cumulative and prejudicial 'spill over' effect may

AO 72A
(Rev.8/8
2)

prevent the jury from sifting through the evidence to make an individualized determination as to each Defendant." *Chavez*, 584 F.3d at 1360-61. When there is a spillover effect from the greater proof against co-defendants, "[this] disparity in the quantum of proof . . . justifies severance only in the most extreme cases, as when a cautionary instruction could not furnish a cure." *United States v. Harrell*, 737 F.2d 971, 976 (11th Cir. 1984).

The undersigned concludes that severance is not appropriate. Jones' concern that the unrelated evidence of Elder's criminal activity will prejudice him in the eyes of the jury is insufficient to justify a severance. First, there is nothing inappropriate about charging Elder and Jones in the same indictment even though the indictment also raises separate charges of misconduct against Elder. *See* FED. R. CRIM. P. 8(b) (allowing joinder and providing that "[a]ll defendants need not be charged in each count"). Second, the evidence of Elder's own criminal activity apart from the conduct of Jones is insufficient to show prejudice for purposes of severance because "a defendant does not suffer 'compelling prejudice' simply because much of the evidence at trial is applicable only to his codefendants." *Alvarez*, 755 F.2d at 857.

The undersigned is also unpersuaded by Jones's argument of multiple conspiracies. Based on Jones' representation of the pre-trial discovery, Jones asserts

8

that there is no evidence linking Elder and Jones in a conspiracy.  [*See* Doc. 46 at 2-3, 4-5].  This pretrial evidence does not establish, however, that there is no link.  A grand jury has concluded that probable cause existed to believe that Elder and Jones (among others) did "combine, conspire, confederate, agree, and have a tacit understanding" to distribute controlled substances.  [Doc. 18 at 1 (Count1)].  Therefore, there may be evidence (unknown at this time to Jones) that links him and Elder in a conspiracy given the grand jury's decision to indict both Jones and Elder in a conspiracy.  Additionally, a criminal defendant may be "liable for the acts of other conspirators, even if those acts occurred prior to his joinder" if the defendant "joined the conspiracy with knowledge of the unlawful enterprise and acted to further it."  *United States v. Reynolds*, 511 F.2d 603, 607 (5th Cir. 1975); *see also United States v. Alvarez*, 625 F.2d 1196, 1198 (5th Cir. 1980) (*en banc*) ("[A] defendant [cannot] escape criminal responsibility on the grounds that he did not join the conspiracy until well after its inception.").  The undersigned concludes that Jones is not prejudiced by evidence of Elder's involvement in a conspiracy because: (1) a grand jury found sufficient evidence to establish probable cause for a conspiracy involving both Elder and Jones; and (2) Jones may be liable for conduct prior to his joining the conspiracy.  As a result, a severance of Jones' trial is unnecessary.  *See United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) ("The

9

fact that every member of the conspiracy was not present at every stage of the conspiracy is not such a disparity in the evidence as would confuse the jury.  An instruction that the jury should consider the case against each defendant separately limits the likelihood of a 'spill-over' effect.") (citation omitted); *United States v. Michel*, 588 F.2d 986, 1002-03 (5th Cir. 1979) (affirming denial of motion to sever where defendants argued they were prejudiced by spill over effect of evidence that they believed was irrelevant to them because defendants who subsequently joined conspiracy were liable for prior acts).

In the absence of any evidence of compelling prejudice to Jones, the undersigned concludes that the general rule should apply, namely that "Defendants indicted together should be tried together, especially in conspiracy cases."  *Chavez*, 584 F.3d at 1360. Accordingly, the undersigned **RECOMMENDS** that Jones' motion to sever, [Doc. 46], be **DENIED**.

C.      *Edwards' Motion to Adopt, [Doc. 76]*

A defendant may move to adopt a co-defendant's pretrial motion by: (1) attaching the motion to be adopted; (2) providing the style and case number of the co-defendant's case; (3) identifying the title of the motion being adopted and the date the motion was filed; and (4) including a statement concerning the defendant's standing

10

to adopt the motion.  N.D. Ga. Cr. R. 12.1C.  Edwards' motion to adopt meets the requirements of Local Rule 12.1C.  Accordingly, Edwards' motion to adopt Elder's Particularized Motion for Disclosure of Confidential Informants, [Doc. 76], is **GRANTED**.

> **D.**     *Motions for Disclosure of Confidential Informant, [Docs. 44, 69, 68, 73]*

Jones, Elder, and Edwards seek the identity of an ATF confidential informant ("CI") known as ATF CI-197 because this CI was involved in purchasing crack cocaine from these defendants.  These defendants originally sought the CI's identity pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957).  [*See* Docs. 44, 68-69].  At Edwards' and Elder's pretrial conferences, the government stated that it would call the CI to testify in its case-in-chief at trial, so the undersigned determined that there was no *Roviaro* issue.  Instead, the undersigned construed the motion as one for obtaining a partial witness list and/or early *Brady* material and directed the defendants to file a particularized motion on this issue.  [*See* Docs. 70, 72].

Elder and Edwards (by way of adopting Elder's motion) argue that they are entitled to disclosure of the CI's identity for three reasons.  First, these two defendants argue that they need to know the CI's identity to ascertain what happened inside the house so that they can determine whether a conspiracy existed.  [Doc. 73 at 2-3].

11

Second, the defendants argue that they need to know the CI's identity essentially to determine whether they were set up by the CI. [*Id.* at 3-4]. Third, the defendants argue that they are entitled to the CI's identity because there is anecdotal evidence that the CI may have a mental illness so the defendants need time to prepare for cross-examination of such a witness. [*Id.* at 5-7].

Under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), the government, pursuant to the due process clause, must disclose evidence favorable to the defendant and must disclose impeachment evidence. *United States v. Quinn*, 123 F.3d 1415, 1421 (11th Cir. 1997) . These rules do not provide, however, a defendant with a constitutional right to discovery in a criminal case. *Id.* Therefore, "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Thus, the Constitution does not require the disclosure of the government's witness list. *Id.*; *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987). Also, the Federal Rules of Criminal Procedure do not "requir[e] the Government to supply witness lists or witness statements until that witness has testified on direct examination, unless such information is required sooner by *Brady* or *Giglio*." *United States v. Aiken*,

12

76 F. Supp. 2d 1339, 1343 (S.D. Fla. 1999); *see also United States v. Price*, No. 4:04-cr-7, 2010 WL 1138881, *5 (N.D. Fla. Mar. 19, 2010) ("[T]he Government is not required under Federal Rules of Criminal Procedure or the local rules to disclose to the defense the names of witnesses it intends to call at trial.").  As a result, "[a] criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial."  *United States v. Cerpas*, No. 10-10352, 2010 WL 3699831, *3 (11th Cir. Sept. 22, 2010) (quoting *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983)); Wright & Henning, 2 Fed. Prac. & Proc. Crim. § 258 (4th ed.) ("It is clear that defendant has no right in noncapital cases to require a list of government witnesses.").

Although a defendant is not automatically entitled to the government's witness list, a district court has the discretion to allow a defendant access to the government's witness list prior to trial.  *United States v. Hancock*, 441 F.2d 1285, 1286 (5th Cir. 1971) (rejecting argument that denial of motion for government witness list violated Fifth and Sixth Amendments and concluding that ruling on such a request was in trial court's discretion); *Price*, 2010 WL 1138881 at *5 (citing *United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987)).  To obtain a witness list, a defendant must show that the

"list would be material to the preparation of the defense." *Downing v. United States*, 348 F.2d 594, 599 (5ᵗʰ Cir. 1965).[3]

In the context of the government withholding a witness' address following a court's disclosure order, the former Fifth Circuit observed:

> The importance to a litigant of interviewing potential witnesses is undeniable.  In particular, in criminal cases, where a defendant's very liberty is at stake, such interviews are especially crucial.  Thus it is that one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation.

*United States v. Opager*, 589 F.2d 799, 804 (5ᵗʰ Cir. 1979).  The former Fifth Circuit noted that the witness was "especially important" in *Opager* because: (1) the witness observed the drug transaction and an interview would have allowed the defendant to challenge testimony at trial; and (2) the witness' whereabouts could have been used to impeach him.  *Id.* at 804-05.

In the context of disclosing a CI's identity where the CI will not testify at trial, the Supreme Court noted similar concerns in its *Roviaro v. United States*, 353 U.S. 53 (1957), decision when it concluded the government should have revealed the CI's identity where: (1) the CI and the defendant were the only two individuals during the

---

[3]    A witness list will not materially aid a defense where the major witnesses are individuals with whom the defendant has had significant personal or financial relations.  *United States v. Colson*, 662 F.2d 1389, 1392 (11ᵗʰ Cir. 1981).

14

drug transaction; (2) the CI was the defendant's only material witness; (3) the CI's testimony may have disclosed an entrapment defense; and (4) the CI could have case doubt on the defendant's identity. *Id.* at 64. Given these concerns in *Roviaro*, the former Fifth Circuit has noted that "the more closely the informant is connected to the criminal transaction itself as opposed to being a mere tipster or introducer of persons the more likely a disclosure of identity should be required." *United States v. Webster*, 606 F.2d 581, 585 (5th Cir. 1979).

The undersigned concludes that the defendants are not entitled to disclosure of ATF CI-197's name and whereabouts earlier than when the government's customarily releases its witness lists. In reaching this conclusion, the undersigned makes two preliminary observations. First, the undersigned concludes that the concerns in *Roviaro* are not directly applicable in this case because the government has informed the Court that the CI will testify at trial. *See United States v. Casseus*, 282 F.3d 253 (3d Cir. 2002) (noting that *Roviaro* addresses "the duty of the prosecution to disclose the identity of confidential informants who will not testify"); *United States v. Tejeda*, 974 F.2d 210, 217 (1st Cir. 1992) ("The disclosure requirement in *Roviaro* was predicated on the failure of the prosecution to make *either* the informant *or* the informant's identity available to the defense in a case where the informant was *never*

15

*called as a witness*.") (emphasis in original).  As such, the defendants will learn the identity of the CI and will obtain the *Jencks* Act, *Giglio*, and *Brady* materials relating to the CI prior to his/her testimony, thereby alleviating the concerns raised by *Roviaro*. *See United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993) (citing cases where courts have determined that the government need not disclose the identity of an informant  prior to trial).  *But see United States v. Martinez*, 286 Fed. Appx. 809, 815 (4th Cir. June 24, 2008) (referring to government's failure to timely disclose CI's identity "a close question" and assuming error).  Second, although the language in the former Fifth Circuit's *Opager* decision is broad, it concerns a different situation than the one here, namely one where the government refused to comply with a court's disclosure order.

Since *Opager* and *Roviaro* relate to different scenarios than the one presented in this case, the undersigned examines whether the defendants have demonstrated that the early identification of the CI on the government's witness list is "material to the preparation of the[ir] defense."  *Downing*, 348 F.2d at 599.  They have not met their burden.  First, the defendants' assertion that they have "anecdotal accounts" that the CI might suffer from a mental impairment is merely speculation and does not weigh in favor of earlier disclosure of the CI's identity.  [*See* Doc. 73 at 5-7].  *Cf. United States*

16

*v. Moreno*, 588 F.2d 490, 494 (5th Cir. 1979) (noting that "[s]omething more than speculation about the possible usefulness of an informant's testimony is required" for disclosure of CI's identity).  Second, the defendants' arguments that the identity of the CI will help them show that no conspiracy existed and that the defendants were not responsible for distribution are also unconvincing, as it again rests on speculation.  *Cf. United States v. Rodriguez*, 312 Fed. Appx. 205, 210 (11th Cir. Feb. 12, 2009) (noting that defendant not entitled to learn identity based on speculation that the CI would have made exculpatory observation during drug transaction).  At trial, the defendants will be permitted to test these theories on cross examination.  It is not clear why earlier disclosure of the CI's identity is material to their defense since they will have the opportunity on cross examination to question the CI.  Additionally, the undersigned is cognizant that "the identity of the informant as an informant properly is protected through nondisclosure." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).

Accordingly, the undersigned **DENIES** the defendants' motions for early disclosure of the CI's identity. *United States v. Scott*, No. 08-cr-17, 2009 WL 4506605, *4 (W.D. Pa. Dec. 3, 2009) (denying motion to disclose CI's identity because government had no duty to disclose when CI would testify at trial); *United States v. Gaines*, No. 3:09-cr-22, 2009 WL 2849733, *4 (M.D. Tenn. Sept. 2, 2009) (same);

17

*United States v. Glover*, 583 F. Supp. 2d 5, 12 n.10 (D.D.C. 2008) (concluding early

disclosure of testifying CIs "unwarranted" because the government had no obligation

to disclosure witness list in advance of trial).

      E.      *Motions to Dismiss Counts, [Docs. 66, 77]*

      Edwards and Elder (who has adopted Edwards' motion) seek dismissal of certain

counts as violations of the Fifth and Eighth Amendments because of the statutory

disparities in punishing cocaine and crack offenses and the disparate impact these crack

sentences have on African-American defendants. [*See* Docs. 66 (Edwards), 77 (Elder)].

The defendants assert that the statutory penalties for crack (a form of cocaine) are 100

times greater than the penalties for the same amount of cocaine. [Doc. 66 ¶ 3]. Given

this disparity, the defendants assert that these provisions violate equal protection of the

law under the Fifth Amendment because there is no rational basis for the distinction.

They may also be arguing that there is an equal protection violation because crack

prosecutions are brought disproportionately against African Americans. [*Id.* ¶ 4]. They

also assert that the enhanced statutory penalties under § 851 and § 841(b)(1)(B)(iii)

constitute cruel and unusual punishment, pointing to the evolving standard concerning

punishments for crack offenses as exemplified by Congressional legislation, opinions

of the Attorney General, revisions in the sentencing guidelines, and recent Supreme

AO 72A
(Rev.8/8
2)

Court precedent.  [*Id.* ¶ 5].  The defendants also assert that the enhanced sentences for crack do not further any legitimate penalogical goal.  [*Id.*].

The government first responds that there is no Fifth Amendment violation by arguing that the Eleventh Circuit has upheld the statutory mandatory minimum sentences in 21 U.S.C. § 841 as rational.  [Doc. 96 at 3-4].  The government next asserts that there is no Fifth Amendment violation on the basis of race because a grand jury returned an indictment and the defendants have not shown persons of different races were not prosecuted in similar circumstances.  [*Id.* at 7-8].  Finally, the government argues that binding case law from the Eleventh Circuit and Supreme Court forecloses the defendants' Eighth Amendment argument because the defendants have not made a showing of disproportionality.  [*Id.* at 10-12].

Edwards has filed a reply brief raising three arguments.  First, Edwards asserts that the courts, the sentencing commission, the United States Attorney from this District, and Congress have taken notice of the disparate impact of crack cocaine laws on African Americans. [Doc. 91 at 2-3].  Second, Edwards contends that the new crack cocaine penalties enacted on August 3, 2010, should be applied to cases currently

19

pending at the trial level.  [*Id.* at 3].  Third, Edwards argues that the Fair Sentencing Act

of 2010 should apply to any sentence imposed on him.  [*Id.* at 4-10].[4]

The undersigned concludes that the defendants are not entitled to have any

counts dismissed on sentencing disparity grounds.[5]  First, the Eleventh Circuit has

---

[4]     To the extent that the defendants seeks a finding that the penalties in the Fair Sentencing Act of 2010 ("FSA") applies retroactively to them, such a request appears to be foreclosed by the Eleventh Circuit's decision in *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010), which concluded that "because the FSA took effect in August 2010, after appellant committed his crimes, 1 U.S.C. § 109 bars the Act from affecting his punishment."  Since the defendants committed their crimes prior to the FSA's August 2010 enactment, the *Gomes* decision appears to preclude retroactive application of the FSA.  Although in *United States v. Douglas*, --- F. Supp. 2d ----, 2010 WL 4260221, *3 n.28 (D. Me. Oct. 27, 2010), the court distinguished *Gomes* and other circuit court cases on the ground that the defendants in these cases had already been sentenced, the undersigned finds that the general language in *Gomes*, which emphasized the timing of the offense, not the timing of the sentencing, is controlling on this Court.

[5]     Since defendants have not yet been convicted (or sentenced) for any crack cocaine crimes, there may be a question as to the ripeness of the defendants' motions.  *See United States v. Bruce*, 109 F.3d 323, 329 (7th Cir. 1997) ("Because there [is] no sentence to challenge, their objection [is] premature."); *see also United States v. Pfeifer*, 206 F. Supp. 2d 1002, 1009 (D.S.D. 2002) (concluding that eight amendment challenge to statute was premature because defendant had not been "found guilty, much less sentenced"); *United States v. Messino*, 871 F. Supp. 1027, 1033 (N.D. Ill. 1994) (concluding challenge to forfeiture provision on Eighth Amendment grounds was premature because defendant was not convicted).  A district court in the Eleventh Circuit has concluded that a defendant may raise these arguments before trial and sentencing.  *United States v. Jones*, --- F. Supp. 2d ----, ----, 2010 WL 3124716, *2-3 (M.D. Fla. July 30, 2010) (concluding that pre-trial defendant could challenge constitutionality of § 841's crack cocaine sentencing provision on Fifth and Eighth

AO 72A
(Rev.8/8
2)

already ruled on and dispensed with the defendants' constitutional challenges to sentences under §§ 841 and 851. *See United States v. Lopez*, No. 08-12829, 2010 WL 3259393, *5 n.10 (11th Cir. Aug. 18, 2010) (rejecting argument that 21 U.S.C. § 851 sentencing enhancement violated the Eighth Amendment) (citing *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991)); *United States v. McNeil*, 375 Fed. Appx. 991, 992 (11th Cir. Apr. 23, 2010) (citing cases for the propositions that: (1) "the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b)(1)(B)(iii) did not violate the cruel and unusual punishment clause of the Eighth Amendment or the due process and equal protection provisions of the Fifth Amendment"; and (2) "the sentencing disparity between crack cocaine and powder cocaine does not violate a defendant's substantive due process or equal protection rights"). The undersigned concludes that it is not appropriate to depart from this binding Eleventh Circuit precedent.

Second, a district court in the Middle District of Florida has determined that this Eleventh Circuit precedent remains binding and has persuasively rejected similar arguments as those raised by the defendants. *See United States v. Jones*, No. 8:10-cr-23, --- F. Supp. 2d ----, ----, 2010 WL 3124716, *3-10 (M.D. Fla. July 30, 2010).

---

Amendment grounds). As a result, the undersigned will address the defendants' arguments.

21

Third, courts outside of the Eleventh Circuit have also rejected similar arguments.  In an unpublished case post-dating the enactment of the Fair Sentencing Act of 2010, the Third Circuit has rejected Fifth and Eighth Amendment challenges to the mandatory minimum sentences for crack cocaine offenses under 21 U.S.C. § 841(b).  *See United States v. Chandler*, No. 09-3617, 2010 WL 3733865, *2-3 (3d Cir. Sept. 27, 2010).  Also, courts have rejected Fifth and/or Eighth Amendment challenges to § 841(b) based on the sentencing disparities between cocaine and crack cocaine that preceded the enactment of the Fair Sentencing Act.  *See United States v. Ford*, No. 09-3217, 2010 WL 3064408, *1 (8th Cir. Aug. 6, 2010); *United States v. Johnson*, No. 09-4625, 2010 WL 2930132, *1 (4th Cir. July 22, 2010); *United States v. Villa*, 371 Fed. Appx. 668, 679 (7th Cir. Apr. 7, 2010); *United States v. Norwood*, 603 F.3d 1063, 1070-71 (9th Cir. 2010); *United States v. Lockett*, 359 Fed. Appx. 598, 611-12 (6th Cir. Dec. 29, 2009).

The undersigned concludes that the defendants' briefs do not provide any reason to depart from established Eleventh Circuit authority or ignore the case law outlined above.  The undersigned therefore concludes that the defendants are not entitled to have certain counts dismissed based on violations of either the Fifth or Eighth Amendments.

Accordingly, the undersigned **RECOMMENDS** that Edwards' motion to dismiss counts, [Doc. 66]. and Elder's adopted motion to dismiss, [Doc. 77], be **DENIED**.

### *Conclusion*

For all of the above and forgoing reasons, the undersigned **RECOMMENDS** that (1) Jones' motion to sever, [Doc. 46], be **DENIED**; (2) Edwards' and Elder's motion to dismiss counts, [Docs. 66, 77], be **DENIED**; and (3) Elder's oral motion to suppress, [*see* Dkt. Entry dated 5/7/2010], be **DENIED**.   The undersigned also **DENIES** the defendants' motions for disclosure of the identity of the confidential informant. [Docs. 46, 68-69, 73]. Finally, the undersigned **GRANTS** Edwards' motion to adopt.  [Doc. 76].

The undersigned has now ruled upon all pretrial motions,[6] and has not been advised of any problems preventing the scheduling of trial.  Therefore, this case is **CERTIFIED READY FOR TRIAL** as to the defendants Jones, Elder, and Edwards.[7]

---

[6]    Jones also has filed a motion to allow participation in voir dire. [Doc. 45]. The undersigned deferred this motion.  [Doc. 51].

[7]    The undersigned previously certified codefendant Parker's case ready for trial on May 7, 2010.  [Doc. 71].

23

**IT IS SO CERTIFIED, ORDERED and RECOMMENDED**, this the 15th

day of December, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

24